**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DONALD BURRIS, JR.,                          CIVIL ACTION

          Plaintiff,                      No. 2:14-cv-1704

    vs.                                 Honorable Judge David Cercone

BOROUGH OF HOMESTEAD, ET AL.          **ANSWER TO COMPLAINT,
                                      AFFIRMATIVE DEFENSES, AND**
    Defendants.                         **CROSS-CLAIM**

                                      Filed on behalf of Defendants Schweitzer,
                                      Matakovich, Kennedy, Gorecki, and Boyko

---

**ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND CROSS-
CLAIM**

      AND NOW, come the Defendants Schweitzer, Matakovich, Kennedy, Gorecki, and

Boyko by and through undersigned counsel, Bryan Campbell, Esq., and file the within *Answer to*

*Amended Complaint, Affirmative Defenses, and Cross-claim for Indemnification* and in support

thereof aver the following:

**PARTIES**

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted to the extent that this entity exists, it is denied that this is an appropriate

        party in this action.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted to the extent that Defendant Schweitzer was acting under the color of

        law. Defendant Schweitzer is employed by the City of Pittsburgh.

8.     Admitted to the extent that Defendant Matakovich was acting under the color of law.

9.     Admitted to the extent that Defendant Kennedy was acting under the color of law.

10.    Admitted to the extent that Defendant Gorecki was acting under the color of law.

11.    Admitted to the extent that Defendant Boyko was acting under the color of law.

12.    Admitted.

13.    Admitted.

## JURISDICTION

14.    Admitted.

## FACTS COMMON TO ALL COUNTS

15.    Admitted.

16.    Admitted to the extent that the City of Pittsburgh Bureau of Police sets policies and procedures. By way of further response, a department of a municipality is not a proper defendant.

17.    The averments of paragraph 17 are direct at another party, therefore the answer Defendants are not required to respond.

18.    Admitted to the extent that these orders are considered in conjunction with any memorandums, updates, training, or existing law. By way of further response, not every order is a mandate requiring specific conduct, but rather guidelines to assist in various and uncertain situations often faced by police officers.

19.    The averments of paragraph 19 are direct at another party, therefore the answer Defendants are not required to respond.

20. Admitted to the extent that the Defendants are police officers employed by the City of Pittsburgh. All other contents are conclusions of law, to which no response is required.

21. The averments of paragraph 21 are direct at another party, therefore the answer Defendants are not required to respond.

22. The averments of paragraph 22 are direct at another party, therefore the answer Defendants are not required to respond.

23. The averments of paragraph 23 are direct at another party, therefore the answer Defendants are not required to respond.

24. Admitted.

25. Admitted to the extent that Officer Strang attempted to make a traffic stop of the vehicle containing Plaintiff and Davenport. By way of further response, Plaintiff failed to pull his vehicle over.

26. Admitted to the extent that Defendant Strang's testimony speaks for itself.

27. Admitted to the extent that the testimony of Defendants Strang and Ilgenfritz testimony speak for itself.

28. Admitted to the extent that during his refusal to stop, Plaintiff went from the Borough of Homestead into the City of Pittsburgh.

29. Admitted to the extent that Sergeant Perry was monitoring the pursuit of Plaintiff.

30. Admitted to the extent that Sgt. Perry called off the City of Pittsburgh Officers in pursuit of the vehicle.

31. Admitted to the extent that the Borough of Homestead officers continued the pursuit and the pursuit ended when the vehicle collided with another vehicle at or about the intersection of the extension of Pennsylvania State Route 837, East Carson Street, and 13th Street

on the South Side of the City of Pittsburgh. It is denied that Ilgenfritz and Strang were on the same frequency as Sgt. Perry and thus ignored the instruction to terminate.   It is admitted that officers deployed spike strips but it is denied that this was in contradiction to the order to terminate pursuit. By way of further response, portions of the averments of paragraph 31 are directed toward other Defendants, to which no response is required.

32.    Admitted to the extent that the Defendants were working approved secondary employment details in their uniforms. It is also admitted that the officers positioned themselves with the goal of protecting the public from the dangers presented by Plaintiff's oncoming vehicle.

33.    Admitted to the extent that Defendant Schweitzer was the first officer to see Plaintiff's vehicle and he did discharge his firearm toward the vehicle under the belief that his life and the lives of thousands of other individuals was in danger. By way of further response, as the vehicle containing Plaintiff and Burris advanced down East Carson Street toward Officer Schweitzer and numerous pedestrians and vehicles, Officer Schweitzer stood in the street attempting to keep pedestrians out of the road.   The vehicle containing Plaintiff and Burris continued inbound in the outbound traffic lane directly toward Officer Schweitzer directly threatening Officer Schweitzer and those around him.   When the vehicle failed to stop, Officer Schweitzer drew his service weapon and fired three times upon the vehicle in attempt to prevent harm to himself and those around him.

34.    Admitted to the extent that while working an off-duty detail, Sergeant Stephen Matakovich assisted in stopping traffic and ensuring the safety of pedestrians by keeping them on the sidewalk while monitoring the pursuit on the radio.   As the vehicle containing Plaintiff \ advanced down East Carson Street toward Sgt. Matakovich and numerous pedestrians and

vehicles, Sgt. Matakovich stood in the street attempting to keep pedestrians out of the road. The vehicle containing Plaintiff continued inbound in the outbound traffic lane directly toward Sgt. Matakovich directly threatening Sgt. Matakovich and those around him. When the vehicle failed to stop, Sgt. Matakovich drew his service weapon and fired no more than four times upon the vehicle in attempt to prevent harm to himself and those around him. Also, admitted to the extent that while working an off-duty detail, Officer Calvin Kennedy assisted in stopping traffic and ensuring the safety of pedestrians by keeping them on the sidewalk while monitoring the pursuit on the radio. By way of further response, as the vehicle containing Plaintiff and Burris advanced down East Carson Street toward Officer Kennedy and numerous pedestrians and vehicles, Officer Kennedy stood in the street attempting to keep pedestrians out of the road. The vehicle containing Plaintiff and Burris continued inbound in the outbound traffic lane directly toward Officer Kennedy directly threatening Officer Kennedy and those around him. When the vehicle failed to stop, Officer Kennedy drew his service weapon and fired once upon the vehicle in attempt to prevent harm to himself and those around him.

35.     Admitted to the extent that while working and off-duty detail, Officer Gorecki went out to the street after monitoring the pursuit and hearing gunshots. By way of further response, Officer Gorecki observed the heavy pedestrian and vehicle traffic on East Carson Street and ran up about twenty feet to meet the vehicle containing Plaintiff and Burris. Officer Gorecki observed the vehicle continuing to come at a high rate of speed and drew his service weapon in attempt to stop the driver of the vehicle. The vehicle continued to advance risking the life of Officer Gorecki and the numerous vehicles and pedestrians in the immediate area. Officer Gorecki discharged two shots from his firearm in attempt to prevent harm to him and the surrounding pedestrians and vehicles.

36.     Admitted to the extent that the vehicle came to a stop after rear-ending a Buick Rendevous, which caused the Rendevous to lunge forward. Plaintiff's vehicle continued proceeding and eventually crashed into a Classy Cab and stopped.

37.     The averments of paragraph 37 are denied.  Officer Ivan Boyko was working an approved off-duty detail and he excited to Carson Street after hearing the pursuit and several gunshots.  The vehicle driven by Plaintiff stopped prior to reaching Officer Boyko.  Officer Boyko did not discharge any shots toward the vehicle driven by Plaintiff. No other officers discharged any firearm at Plaintiff's vehicle after it stopped.

38.     The averments contained within paragraph 38 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

39.     The averments contained within paragraph 39 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

40.     Admitted to the extent that this a portion of a City of Pittsburgh order. The order speaks for itself. Any characterization or interpretation of such policies or orders by Plaintiff is denied.

41.     The averments of paragraph 41 are directed toward another party, to which no response is required.

42.     After a reasonable investigation, these Defendants are without sufficient knowledge, information or belief to respond to the allegations raised in this paragraph. The same are therefore denied and strict proof is demanded at the time of trial.

43.     After a reasonable investigation, these Defendants are without sufficient knowledge, information or belief to respond to the allegations raised in this paragraph. The same are therefore denied and strict proof is demanded at the time of trial.

44.     The averments contained within paragraph 44 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

45.     The averments contained within paragraph 45 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

46.     The averments contained within paragraph 46 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

47.     The averments contained within paragraph 47 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

48.     The averments contained within paragraph 48 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

49.     The averments contained within paragraph 49 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

50.     The averments contained within paragraph 50 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

51.     The averments contained within paragraph 51 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

52.     The averments contained within paragraph 52 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

53.     The averments of paragraph 53 are directed toward other Defendants, therefore no response is required.

54.     The averments contained within paragraph 54 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

55.     The averments of paragraph 55 are directed toward other Defendants, therefore no response is required.

56.     The averments contained within paragraph 56 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

57.     The averments contained within paragraph 57 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

58.     The averments of paragraph 58 are directed toward other Defendants, therefore no response is required.

59.     The averments contained within paragraph 59 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

60.     The averments of paragraph 60 are directed toward other Defendants, therefore no response is required.

61.     The averments contained within paragraph 61 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

62.     The averments of paragraph 62 are directed toward other Defendants, therefore no response is required.

63.     The averments of paragraph 63 are directed toward other Defendants, therefore no response is required.

64.     The averments of paragraph 64 are directed toward other Defendants, therefore no response is required.

65.     The averments contained within paragraph 65 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

66.     The averments contained within paragraph 66 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

67.     The averments contained within paragraph 67 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

68.     The averments contained within paragraph 68 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

69.     The averments contained within paragraph 69 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

70.     Admitted.

71.     The averments contained within paragraph 71 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

FIRST CAUSE OF ACTION

DEPRIVATION OF SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH

AMENDMEND AND 42 U.S.C. § 1983

DONALD BURRIS V. JAMES STRANG

72.     No responsive pleading is required.

73.     The averments contained within paragraph 73 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

74.    The averments contained within paragraph 74 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

75.    The averments contained within paragraph 75 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

76.    The averments contained within paragraph 76 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

77.    The averments contained within paragraph 77 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

78.    The averments contained within paragraph 78 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

79.    The averments contained within paragraph 79 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

80.    The averments contained within paragraph 80 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

SECOND CAUSE OF ACTION

DEPRIVATION OF SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH

AMENDMEND AND  42 U.S.C. § 1983

DONALD BURRIS V. JAMES ILGENFRITZ

81.     No responsive pleading is required.

82.     The averments contained within paragraph 82 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

83.     The averments contained within paragraph 83 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

84.     The averments contained within paragraph 84 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

85.     The averments contained within paragraph 85 and subparagraphs (a)-(h) contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

86.     The averments contained within paragraph 86 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

87.     The averments contained within paragraph 87 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

88.     The averments contained within paragraph 88 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

89.     The averments contained within paragraph 89 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

THIRD CAUSE OF ACTION

DEPRIVATION OF SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH

AMENDMENT AND 42 U.S.C. § 1983

DONALD BURRIS V. THE BOROUGH OF HOMESTEAD

AND JEFFREY DESIMONE

90.     No responsive pleading is required.

91.     After a reasonable investigation, the Defendants are without sufficient knowledge to form a response to the averments contained within paragraph 91 and the averments are therefore denied and strict proof is demanded at trial.

92.     The averments contained within paragraph 92 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

93.     The averments contained within paragraph 93 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

94.     The averments contained within paragraph 94 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

95.     The averments contained within paragraph 95 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

96.     The averments contained within paragraph 96 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

97.     The averments contained within paragraph 97 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

98.     The averments contained within paragraph 98 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

FOURTH CAUSE OF ACTION

USE OF EXCESSIVE FORCE UNDER THE FOURTH AMENDMENT AND 42

U.S.C. § 1983

DONALD BURRIS V. LOUIS SCHWEIZTER, STEPHEN MATAKOVICH, CALVIN

KENNEDY, THOMAS GORECKI, AND IGOR BOYKO

99.     No responsive pleading is required.

100.    The averments contained within paragraph 100 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

101.    The averments contained within paragraph 101 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

102.    The averments contained within paragraph 102 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

103.    The averments contained within paragraph 103 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

104.    The averments contained within paragraph 104 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

FIFTH CAUSE OF ACTION

USE OF EXCESSIVE FORCE UNDER THE FORTH AMENDMENT AND 42 U.S.C.

§ 1983

DONALD BURRIS V. CITY OF PITTSBURGH AND NATHAN HARPER

105.    No responsive pleading is required.

106.    The averments contained within paragraph 106 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

107.    The averments contained within paragraph 107 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

108.    The averments contained within paragraph 108 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

109.    The averments contained within paragraph 109 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

110.    The averments contained within paragraph 110 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

111.    The averments contained within paragraph 111 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

112.    The averments contained within paragraph 112 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

113.    The averments contained within paragraph 113 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

114.    The averments contained within paragraph 114 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

115.    The averments contained within paragraph 115 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

SIXTH CAUSE OF ACTION

DEPRIVATION OF SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH

AMENDMENT AND 42 U.S.C. § 1983

DONALD BURRIS, JR. v. LOUIS SCHWEIZTER, STEPHEN MATAKOVICH,

CALVIN KENNEDY, THOMAS GORECKI, AND IGOR BOYKO

116.    No responsive pleading is required.

117.    The averments contained within paragraph 117 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

118.    The averments contained within paragraph 118 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

119.    The averments contained within paragraph 119 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

120.    The averments contained within paragraph 120 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

121.    The averments contained within paragraph 121 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

122.    The averments contained within paragraph 122 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

123.    The averments contained within paragraph 123 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

124.    The averments contained within paragraph 124 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

125.    The averments contained within paragraph 125 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

126.    The averments contained within paragraph 126 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

SEVENTH CAUSE OF ACTION

DEPRIVATION OF SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH

AMENDMENT AND 42 U.S.C. § 1983

DONALD BURRIS, JR. V. CITY OF PITTSBURGH and NATHAN HARPER

127.     No responsive pleading is required.

128.     The averments contained within paragraph 128 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

129.     The averments contained within paragraph 129 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

130.     The averments contained within paragraph 130 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

131.     The averments contained within paragraph 131 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

132.     The averments contained within paragraph 132 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

133.     The averments contained within paragraph 133 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

134.    The averments contained within paragraph 134 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

135.    The averments contained within paragraph 135 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

136.    The averments contained within paragraph 136 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

137.    The averments contained within paragraph 137 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

138.    The averments contained within paragraph 138 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

139.    The averments contained within paragraph 139 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

140.    The averments contained within paragraph 140 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

141.    The averments contained within paragraph 141 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

142.    The averments contained within paragraph 142 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

EIGHTH CAUSE OF ACTION

ASSAULT AND BATTERY BASED UPON PENDANT JURISDICTION

DONALD BURRIS, JR. V. LOUIS SCHWEITZER, STEPHEN MATAKOVICH,

CALVIN KENNEDY, THOMAS GORECKI, AND IGOR BOYKO

143.    No responsive pleading is required.

144.    The averments contained within paragraph 144 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

145.    The averments contained within paragraph 145 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

146.    The averments contained within paragraph 146 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

147.    The averments contained within paragraph 147 contain conclusions of law to which no response is required.   To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

148.    The averments contained within paragraph 148 contain conclusions of law to which no response is required.  To the extent that a response is required, the averments are denied and strict proof is demanded at trial.

## AFFIRMATIVE DEFENSES

1.    At all times relevant hereto, Defendants Schweitzer, Matakovich, Kennedy, Gorecki, and Boyko acted in a good faith belief that their actions were constitutional and such belief was reasonable under the circumstances and therefore they are entitled to qualified immunity.

2.    As to any state tort claims, Schweitzer, Matakovich, Kennedy, Gorecki, and Boyko are immune from suit under the provisions of the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*, absent a judicial finding that they acted with actual malice and/or willful misconduct.

3.    At all times relevant hereto, Defendants Schweitzer, Matakovich, Kennedy, Gorecki, and Boyko acted in self-defense and appropriately under 18 Pa.C.S.A. § 508.

## CROSS-CLAIM: INDEMNIFICATION CLAIM

## SCHWEITZER, MATAKOVICH, KENNEDY, GORECKI, BOYKO V. CITY OF PITTSBURGH

4.    As an employee of the City of Pittsburgh, Defendants Schweitzer, Matakovich, Kennedy, Gorecki, and Boyko are entitled to indemnification from the City of Pittsburgh in the event of a verdict against them.  This right is only lost if it is held that they acted with actual malice and/or willful misconduct.  *See* Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*

Respectfully submitted,

*/s/ Bryan Campbell, Esq.*

Bryan Campbell,Esq.
330 Grant Street
Suite 2620
Pittsburgh, PA 15219
412-642-7667
bryancmpbl@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2015, I served the foregoing Defendant Officers Schweitzer, Matakovich, Kennedy, Gorecki, and Boyko's *Answer to the Complaint, Affirmative Defenses, and Counterclaim* to the following Counsel via CM/ECF Filing System:

Monte Rabner, Esq.
Rabner Law Offices, P.C.
Suite 800
Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219

Michael Kennedy, Esq.
City of Pittsburgh Law Dept.
313 City-County Building
414 Grant Street
Pittsburgh, PA 15219

Mark Hamilton, Esq.
Cipriani & Werner
650 Washington Road, Suite 700
Pittsburgh, PA 15228

*/s/ Bryan Campbell, Esq.*
Bryan Campbell, Esq.