IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD BURRIS, JR., | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.  2:14-cv-01704 |
| | : | |
| BOROUGH OF HOMESTEAD, CITY OF PITTSBURGH, CITY OF PITTSBURGH BUREAU OF POLICE, BOROUGH OF HOMESTEAD POLICE DEPARTMENT, IAN STRANG, JAMES ILGENFRITZ, LOUIS SCHWEITZER, STEPHEN MATAKOVICH, CALVIN KENNEDY, THOMAS GORECKI, IGOR BOYKO, NATHAN HARPER, JEFFREY DESIMONE, | : : : : : : : : : : : : | *Electronically Filed*<br><br>The Honorable David S. Cercone |
| Defendants. | : | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE**

AND NOW, come Defendants, BOROUGH OF HOMESTEAD, a Municipal Corporation; BOROUGH OF HOMESTEAD POLICE DEPARTMENT, a governmental entity; IAN STRANG; JAMES ILGENFRITZ; and JEFFREY DeSIMONE by and through their counsel, Cipriani & Werner, P.C. and files this Motion to Dismiss Plaintiff's Complaint and Motion to Strike, stating as follows:

**I.    FACTUAL HISTORY**

1.     Plaintiff, Donald Burris, Jr., filed his Complaint on December 17, 2014, alleging that Defendants Borough of Homestead, Borough of Homestead Police Department, Ian Strang, James Ilgenfritz, and Jeffrey DeSimone (hereinafter, "Homestead Defendants") deprived Plaintiff of his substantive due process rights under the 14th Amendment. (Compl., ¶¶ 72-98).

2. In the early morning hours of January 13, 2013, Plaintiff was operating a motor vehicle on 8th Avenue near the intersection with Hays Street in the Borough of Homestead. Id. at ¶ 24.

3. At the aforementioned intersection, Defendant Strang, an officer with Defendant Borough of Homestead Police Department, allegedly viewed Plaintiff fail stop at a red light. Id. at ¶ 25.

4. Plaintiff states that it has been alleged that Plaintiff failed to pull his vehicle over when Defendant Strang attempted to initiate a traffic stop. Id.

5. It must be noted that, on October 15, 2014, a jury found Plaintiff guilty of two counts of Fleeing or Attempting to Elude Police Officer, 75 § 3733 §§ A, and one count of Improper Turn/Green Light, 75 § 3112 §§ A1i, for his actions on January 13, 2013. (A copy of Criminal Docket No. CP-02-CR-0003893-2013 is attached hereto as Exhibit A).

6. Plaintiff alleges that Defendant Strang initiated a pursuit of Plaintiff's vehicle at speeds between thirty-five (35) to forty-five (45) miles per hour. (Compl., ¶ 26).

7. Subsequently, Defendant Ilgenfritz, an officer with Defendant Borough of Homestead Police Department, joined the pursuit and took over as the lead police vehicle. Id. at ¶ 27.

8. The pursuit then allegedly proceeded into the City of Pittsburgh at which time Sergeant James Perry of City of Pittsburgh Police Department allegedly ordered, via police radio, that the pursuit be terminated. Id. at ¶¶ 29-30.

9. As Plaintiff drove down East Carson Street in the Southside neighborhood of the City of Pittsburgh, certain City of Pittsburgh Police Officers opened fire on his vehicle. Id. at ¶¶ 32-39. Plaintiff was shot three times. Id. at ¶ 43.

10. Plaintiff alleges that the Homestead Defendants violated his substantive due process rights under the Fourteenth Amendment. (Compl., ¶¶ 72-98).

## II. MOTION TO DISMISS

### a. Plaintiff has failed to state substantive due process claims under the Fourteenth Amendment

11. In *County of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998), the Supreme Court held that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the *Fourteenth Amendment*, redressible by an action under *§ 1983*." *Id*. at 854.

12. Plaintiff has failed to establish that these Defendants intended for Plaintiff to suffer the harm alleged, i.e. three gun shot wounds from officers of another jurisdiction, not under the control of the Homestead Defendants.

13. Therefore, Plaintiff's substantive due process claims under the Fourteenth fail and must be dismissed with prejudice.

### b. Plaintiff has failed to state a claim against the Borough of Homestead

14. Plaintiff has failed to establish that the Borough caused his alleged constitutional violations as is required under for a municipal liability claim under *City of Canton v. Harris*, 489 U.S. 378 (1989).

15. Furthermore, the absence of an underlying constitutional violation, as is the case here, negates any claim on a failure to train and/or supervise theory. In Lockhart v. City of Easton, 2013 U.S. Dist. LEXIS 132513 at 31-32 (E.D.Pa. Sept. 17, 2013).

16. For these reasons, the Borough of Homestead must be dismissed with prejudice.

        **c.    Plaintiff has failed to state a claim against Chief DeSimone that is unique from the claim against the Borough of Homestead**

17.    Plaintiff's claim against Chief DeSimone in his official capacity has the same effect as his claim against the Borough, and therefore Chief DeSimone should be dismissed to avoid redundancy. *Satterfield v. Borough of Schuykill*, 12 F.Supp.2d. 423, 432 (E.D.Pa. 1998).

18.    To support an independent claim for supervisory liability against Chief DeSimone, Plaintiff must plead and prove allegations against the Chief with particularity, and cannot rely on a formulaic recitation of the elements of a supervisory liability claim. Gaymon, 2012 U.S. Dist. LEXIS 44310 at *15-16 (*citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009)).

19.    Plaintiff has failed to plead any allegations against Chief DeSimone with particularity, therefore the claim fails and Chief DeSimone must be dismissed.

        **d.    Plaintiff has failed to state a claim against the Borough of Homestead\ Police Department**

20.    Nowhere in Plaintiff's Complaint does he allege a claim against the Borough of Homestead Police Department and, for that reason alone, the Borough of Homestead Police Department must be dismissed.

21.    Even if Plaintiff were to assert a claim against the Borough of Homestead Police Department, such a claim would fail as police departments are not suable entities in § 1983 actions. *Shilling v. Brush*, 2005 U.S. Dist. LEXIS 33912 at *7 (M.D.Pa. 2005).

22.    Therefore, Defendant Borough of Homestead Police must be dismissed with prejudice.

**III.    MOTION TO STRIKE**

23.    In the alternative to these Defendants' Motion to Dismiss, these Defendants assert that all allegations of Plaintiff's Complaint that are particular to the Homestead Defendants that

reference "use of force," "use of deadly force," and "excessive force" be stricken as scandalous, impertinent, and immaterial pursuant Fed.R.C.P. 12(f).

24.     While Plaintiff uses the terms "use of force," "use of deadly force," and "excessive force," Plaintiff has failed to plead any force used by these Defendants against Plaintiff.

25.     Therefore, these Defendants request that the Court strike from Plaintiff's Complaint any references to "use of force," "use of deadly force," and "excessive force" in paragraphs 5, 13, 17, 21, 22, 49, 58, 60, 62, 63, and 64.

Date: March 9, 2015                                   Respectfully submitted,

                                                      CIPRIANI & WERNER, P.C.


                                          BY:     /s/ Jeffrey T. Criswell
                                                  MARK R. HAMILTON, ESQUIRE
                                                  Pa. ID# 29919
                                                  JEFFREY T. CRISWELL, ESQUIRE
                                                  Pa. ID# 315865

                                                  650 Washington Road, Suite 700
                                                  Pittsburgh, PA  15228
                                                  (412) 563-2500

                                                  Attorneys for Defendants, BOROUGH OF
                                                  HOMESTEAD, a Municipal Corporation,
                                                  BOROUGH OF HOMESTEAD POLICE
                                                  DEPARTMENT, a governmental entity, IAN
                                                  STRANG, individually and in his official
                                                  capacities as a Police Officer of the Borough of
                                                  Homestead; JAMES ILGENFRITZ, individually
                                                  and in his official capacities as a Police Officer of
                                                  the Borough of Homestead, JEFFREY
                                                  DeSIMONE, Chief of Police of Borough of
                                                  Homestead

# CERTIFICATE OF SERVICE

Counsel for Defendants, Defendants, BOROUGH OF HOMESTEAD, a Municipal Corporation; BOROUGH OF HOMESTEAD POLICE DEPARTMENT, a governmental entity; IAN STRANG, individually and in his official capacities as a Police Officer of the Borough of Homestead; JAMES ILGENFRITZ, individually and in his official capacities as a Police Officer of the Borough of Homestead; and JEFFREY DeSIMONE, in his official capacity as Chief of Police of Borough of Homestead, hereby certifies that its Motion to Dismiss Plaintiff's Complaint and Motion to Strike has been electronically filed with the Clerk of Court and has been served on all counsel of record through the CM/ECF system, which will send notification according to the Pennsylvania Rules of Civil Procedure, on the 9th day of March, 2015.

    Respectfully submitted,

    CIPRIANI & WERNER, P.C.

BY:  s/ Jeffrey T. Criswell
    MARK R. HAMILTON, ESQUIRE
    Pa. ID# 29919
    JEFFREY T. CRISWELL, ESQUIRE
    Pa. ID#315865

    650 Washington Road, Suite 700
    Pittsburgh, PA 15228
    (412) 563-2500

    Attorney for Defendants, BOROUGH OF HOMESTEAD, a Municipal Corporation, BOROUGH OF HOMESTEAD POLICE DEPARTMENT, a governmental entity, IAN STRANG, individually and in his official capacities as a Police Officer of the Borough of Homestead; JAMES ILGENFRITZ, individually and in his official capacities as a Police Officer of the Borough of Homestead; and JEFFREY DeSIMONE, in his official capacity as Chief of Police of Borough of Homestead